## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 14-CV-2061

| | |
|---|---|
| Brian Kelly and John Kelly, | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Oxford Law, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

4.  Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiffs over the telephone, and registering itself as a foreign corporation licensed to do business in Minnesota, while Plaintiffs were located within and permanently residing within the State of Minnesota.

## PARTIES

5.  Plaintiff Brian Kelly is a natural person who resides in the City of Circle Pines, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

6.  Plaintiff John Kelly is a natural person who resides in the City of White Bear Lake, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

7.  Defendant Oxford Law, LLC (hereinafter "Defendant Oxford") is a Pennsylvania foreign corporation registered in Minnesota, and is a collection agency operating from an office address of 311 Veterans Hwy Ste 100A Levittown PA 19056, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiffs a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a deficiency balance on an auto loan from more than six years ago.

### *Collection Efforts Directed At Plaintiff John Kelly*

9.     On or about March 27, 2014, Defendant Oxford sent a collection letter to the home of Plaintiff John Kelly, Brian Kelly's father, for Plaintiff Brian Kelly's alleged debt.

10.    This letter on this occasion was a "communication" in an attempt to collect a debt as that term is defined by the FDCPA.

11.    Plaintiff John Kelly thereafter called Defendant Oxford to inquire what this matter was about given that his adult son, Plaintiff Brian Kelly, had not lived in his home in at least 13 years.

12.    Defendant Oxford thereafter spoke to Plaintiff John Kelly about the debt and convinced him to agree to the payment of $5,000 to "settle" it, without telling him that the debt was beyond the statute of limitations and that Plaintiff Brian Kelly could not be sued for it.

13.    It violated the FDCPA for Defendant Oxford to attempt to collect this debt from Plaintiff John Kelly, a 72-year old person who did not owe this debt, and to mislead him about the legal status of the debt.

14.    Plaintiff John Kelly later reversed this $5,000 charge on his Discover credit card by disputing it with his credit card company.

15.   Plaintiff John Kelly later received a notice from Discover card indicating that they had reversed the charge and charged back Defendant Oxford for the $5,000, based upon his complaint to them.

16.   The effort to collect $5,000 from Plaintiff John Kelly, for a debt he did not owe, and the unlawful communication with the third-party in an effort to collect a debt, constitutes numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Illegal May 9, 2014 Conversation with Defendant Oxford's Matthew Bullock*

17.   On or around May 6, 2014, Defendant Oxford's debt collection agent Matthew Bullock left a message on Plaintiff John Kelly's answering machine which failed to contain the advisories required by 15 U.S.C. § 1692e(11).

18.   On or about May 9, 2014, Plaintiff John Kelly returned the call to Matthew Bullock and had a conversation with him that was a "communication" in an attempt to collect the debt under the FDCPA.

19.   During this conversation, Bullock initially falsely stated that the statue limitations to collect on this alleged was eight years, when in fact the statute of limitations under Minnesota law is six years on this debt.

20. Bullock also falsely stated that the last payment made on this debt by Plaintiff Brian Kelly was September 2008, when in fact the last payment had been made in February 2008.

21. In fact, Defendant Oxford was "re-aging" this debt to make it legally enforceable when it no longer was legally enforceable.

22. Matthew Bullock claimed that he was sending release paperwork and needed to know where to send it to, but that he was unaware that Plaintiff John Kelly had reversed the $5,000 charge on his Discover card for this debt that he did not owe.

23. Matthew Bullock also falsely stated that Plaintiff Brian Kelly would lose the "settlement" if Plaintiff John Kelly had reversed the payment on his credit card.

24. This call to Plaintiff John Kelly's home to collect a debt that was not his, and the follow on conversation wherein Matthew Bullock made numerous misrepresentations, was a false and deceptive attempt to collect a debt from a third-party in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

*Illegal Call to Plaintiff Brian Kelly's Sister on June 3, 2014*

25.     Upon information and belief, on or about June 3, 2014, Plaintiff Brian Kelly's sister, Michele Draves, received a call from a debt collector employed by Defendant Oxford, hereinafter called John Doe.

26.     Upon information and belief, John Doe asked Ms. Drave's for Plaintiff Brian Kelly's phone number and referred to her as "Michele Kelly."

27.     Upon information and belief, Ms. Draves asked what the call was regarding, to which John Doe stated he needed Brian Kelly's current phone number because he was applying for something with them and he had put Ms. Draves down as a reference.

28.     Upon information and belief, Ms. Draves advised John Doe that her name had not been "Michele Kelly" for almost 15 years, and that if her brother was applying for something she was sure he would have given them a current phone number.

29.     Upon information and belief, thereafter John Doe then yelled, "just give me his number!" or words that effect and then hung up.

30.     This call to Michele Draves's home to collect a debt that was not hers, and the abusive conduct in demanding a phone number for Brian Kelly on false pretenses, was a false and deceptive attempt to collect a debt from a third-party in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Spoofed Call #1 From Defendant Oxford On June 3, 2014*

31.   At approximately 9:28 a.m. CST on June 3, 2014, Plaintiff John Kelly's wife and the mother of Plaintiff Brain Kelly, Nancy Kelly, had received a call showing their own home telephone number as the Caller ID information, when the call had actually come from Defendant Oxford in an attempt to collect this alleged debt.

32.   Defendant Oxford was deliberately manipulating the Caller ID information by "spoofing" it in an effort to get Plaintiff Brian Kelly answer the phone.

33.   Nancy Kelly asked why her own name had shown up on the caller ID and was told by a debt collector employed by Defendant Oxford, David Hunter, that he had no idea why that number had shown up.

34.   This call on this occasion was a "communication" in an attempt to collect a debt as that term is defined by the FDCPA.

35.   This call to Plaintiff John Kelly's home to collect a debt that was not his, and the spoofing of the caller ID information, was a false and deceptive attempt to collect a debt from a third-party in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Spoofed Call #2 From Defendant Oxford On June 3, 2014*

36.  At approximately 11:01 a.m. CST on June 3, 2014, Plaintiff John Kelly received a telephone call, the caller ID of which indicated it was coming from his son, Plaintiff Brian Kelly.

37.  When Plaintiff John Kelly answered this call, he learned that it was actually coming from Defendant Oxford in an attempt to collect this debt.

38.  Defendant Oxford used call-spoofing technology to falsify their Caller ID information when initiating this call to Plaintiff John Kelly in violation of numerous Federal laws including the FDCPA.

39.  When Plaintiff John Kelly answered the call, a person answered it and said, "This is your lucky day" and then transferred the call to a female debt collector, hereinafter referred to as Jane Doe.

40.  Jane Doe said that Defendant Oxford had gotten a notice from Discover Card stating that Plaintiff John Kelly had put a "Stop Payment" on the $5,000 payment that he had earlier made as a result of Defendant Oxford's misstatements about Plaintiff Brian Kelly's out-of-statute debt.

41. Jane Doe wanted to know why Plaintiff John Kelly, a 72-year old man and the father of the 43-year alleged debtor, had disputed the charge on his Discover card for a debt he did not owe.

42. Plaintiff John Kelly explained that his son, Plaintiff Brian Kelly, had researched the matter and found illegal activity on the part of Oxford and that he decided to back away from the transaction and to let Oxford deal directly with his son.

43. This alleged debt was outside the applicable six-year statute of limitations in Minnesota and that therefore Plaintiff Brian Kelly could not be sued for it.

44. Plaintiff John Kelly explained that he had already contacted Matthew Bullock at Oxford and told him this information.

45. Plaintiff John Kelly further explained that Bullock agreed with his decision and said they would no longer involve him in this situation.

46. When Plaintiff John Kelly told Jane Doe this, she said she did not know about this, apologized, and said they would not contact him again.

47. This call on this occasion was a "communication" in an attempt to collect a debt as that term is defined by the FDCPA.

48. This call to Plaintiff John Kelly's home to collect a debt that was not his, and the spoofing of the caller ID information, was a false and deceptive attempt to collect a debt from a third-party in violation of numerous and

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Additional Illegal $5,000 Charges to Plaintiff John Kelly's Discover Card*

49.   Sometime in or around May 2014, Defendant Oxford again illegally attempted to charge Plaintiff John Kelly's Discover card for the $5,000 payment.

50.   The effort to collect $5,000 from Plaintiff John Kelly, for a debt he did not owe, and the unlawful communication with the third-party in an effort to collect a debt, constitutes numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C. § 1692b(1), 1692b(2), 1692b(3), 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), amongst others.

51.   This further attempt to illegally charge Plaintiff John Kelly's Discover card for this $5,000 payment was an attempt to wrongfully obtain goods or services through the illegal use of a financial transaction card account.

### *Summary*

52.   All of the above-described collection communications made to Plaintiffs, and others, by Defendant Oxford and other collection employees employed by Defendant Oxford, were made in violation of numerous and multiple

provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of the Plaintiffs' rights to privacy.

### *Respondeat Superior Liability*

53.   The acts and omissions of these individuals, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

54.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

55.   By committing these acts and omissions against Plaintiffs, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

56.   Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this debt from Plaintiffs.

## TRIAL BY JURY

57.   Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

58.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.   The foregoing acts and omissions of Defendant Oxford and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each Plaintiff.

60.   As a result of Defendant Oxford's violations of the FDCPA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Oxford herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

61.   Each Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

62.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

63.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> **It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.**

15 U.S.C. § 6801(a) (emphasis added).

64.   Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of each Plaintiff, namely, by repeatedly and unlawfully attempting

to collect a debt from the wrong person(s) and disclosing this debt to others, after being told to stop, and thereby invaded each Plaintiff's privacy.

65.   Defendant and its agents intentionally and/or negligently caused emotional harm to each Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each Plaintiff's right to privacy.

66.   Each Plaintiff had a reasonable expectation of privacy in that Plaintiff's solitude, seclusion, private concerns or affairs.

67.   The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against each Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

68.   As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, each Plaintiff prays that judgment be entered against Defendant Oxford as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Oxford and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Oxford and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Oxford and for each Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff;

- for such other and further relief as may be just and proper.

Dated: June 18, 2014

Respectfully submitted,

**BARRY & HELWIG, LLC**
By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                                        ) ss

COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Brian Kelly, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on       June __18__, 2014.

_____
Signature

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA         )
                                      ) ss

COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff John Kelly, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      June  _19_  , 2014.

_____
Signature